IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**
March 04, 2025 03:39 PM
SCT-CIV-2019-0064
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

PATRICIA H. BABIJ, CINDY DEVLIN, )    **S. Ct. Civ. No. 2019-0064**
BRIAN DEVLIN, )    Re: Super. Ct. Civ. No. 168/2019 (STX)
     Appellants/Plaintiffs, )
      )
      )
v. )
      )
      )
BERNARD CUFFY, )
     Appellee/Defendant. )
      )
_____ )

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Jomo Meade

Considered: April 13, 2021
Filed: March 4, 2025

Cite as: 2025 VI 7

BEFORE:    **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Yohanna Manning, Esq.**
Manning Legal Services, PC
St. Croix, U.S.V.I.
     *Attorney for Appellants,*

**Rhea R. Lawrence, Esq.**
Law Offices of Lee J. Rohn & Associates, LLC
St. Croix, U.S.V.I.
     *Attorney for Appellee.*

## OPINION OF THE COURT

**CABRET, Associate Justice.**

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **2** of **23**

2025 VI 7

¶ 1     Patricia H. Babij, Cindy Devlin, and Brian Devlin,[1] the Appellants in this action, (collectively "Babij") appeal from the August 16, 2019 Amended Memorandum Opinion of the Superior Court, which denied their claim for injunctive relief and dismissed their claim for trespass against Bernard Cuffy ("Cuffy"). For the reasons stated below, we affirm the decision of the Superior Court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶ 2     This case concerns a dispute by competing residents over a purported right of way located in the Windsor Forest Estates Subdivision of Estate Clairmont on St. Croix. The disputed road is a thirty-foot purported right of way that runs in between Plot Nos. 5 and 7, through Plot Nos. 6, 8, 37, and 12, and ends at Cuffy's property, Plot No. 38. Office of the Lt. Governor ("OLG") Drawing No. 2161 below depicts the disputed area in purple.



---

[1] In the case before the Superior Court, the Plaintiffs were Patricia Babij, Cindy Devlin, Brian Devlin, Austin B. McKenzie, Sr., Andrew Hooker, Karen Hooker, Charles S. Adams, and Lynn Cameron Pontius. As reflected by the caption of this appeal, the Appellants are limited to Patricia Babij, Cindy Devlin, and Brian Devlin.

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 3 of 23

2025 VI 7

¶ 3    In August 2017, Cuffy saw an advertisement for Plot No. 38 of Clairmont Estates published in the newspaper as available for purchase through a Marshal's sale. Before bidding on the property, Cuffy reviewed various maps and documents, including a copy of the warranty deed to verify that there was a route to access the property. He confirmed that he could access the property through a right of way as depicted on a certified copy of the cadastral map after visiting the Record of Deeds office and contacting the cadastral office. Ultimately, he purchased the property to give to his son as a wedding gift.

¶ 4    When Cuffy physically visited the plot, he realized that the right of way was blocked by thick foliage. In order to access his plot, Cuffy planned to clear the "overgrown road" that runs through various properties, occupied by Patricia Babij, Brian and Cynthia Devlin, Austin B. McKenzie, Sr., Andrew and Karen Hooker, Charles S. Adams, and Lynn Cameron Pontius. Within the area that Cuffy sought to clear is a pole of the Virgin Islands Water and Power Authority (WAPA), underground WAPA lines, Viya telephone lines, a set of stairs, and a septic system used by some of the area's residents. In October 2018, Cuffy reached out to Cindy Devlin, one of the named Appellants in this appeal, to inform her about his plans to clear the road. In response, Brian Devlin texted Cuffy to invite him and his wife to meet the new neighbors for cocktails and to "discuss the overgrown road that we all front." Babij opposed Cuffy's plan to clear the space and use it as a roadway because it had never been used for that purpose since the inception of the subdivision. At that meeting, Babij asked Cuffy to sign an agreement "to relinquish his rights to the using of the road," which Cuffy declined to sign. Babij offered to purchase Cuffy's plot from him to stop him from clearing the road, which Cuffy also declined. Babij told Cuffy that he was going against the wishes of the homeowner's association, although there was no such association.

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 4 of **23**

2025 VI 7

¶ 5      After this disagreement with his neighbors, Cuffy applied for an Earth Change Permit to the Department of Planning and Natural Resources ("DPNR") in March of 2019. Cuffy testified that DPNR approved the permit in late April but DPNR did not formally issue the Earth Change Permit until May 17, 2019. After applying for the permit but before it was approved, Cuffy began to clear the overgrown road with a machete and weedwhackers. Babij continued to oppose Cuffy's plan to clear the road to the point that police intervention was required on multiple occasions.

¶ 6      On April 17, 2019, Babij filed a complaint in the Superior Court of the Virgin Islands, Division of St. Croix against Cuffy, which contained a motion for temporary restraining order ("TRO") and/or preliminary injunction, a request for permanent injunction, and one count pleading a claim for trespass. Concurrently, Babij filed an emergency motion for TRO and preliminary injunction pursuant to Rule 65(b) of the Virgin Islands Rules of Civil Procedure. *See* V.I. R. CIV. P. 65(b). After receiving Babij's motion for a TRO, the Superior Court issued an Order on April 26, 2019 requiring that Cuffy take no further action and scheduling a hearing for April 29, 2019. At that hearing, DPNR informed the Court that Cuffy filed an application for an Earth Change Permit but that a permit "had not yet been issued." As a result, the Superior Court denied the requested TRO, dismissed DPNR from the suit after they were initially named as a defendant, and "advised the parties to amicably resolve the matter."

¶ 7      On May 17, 2019, DPNR issued the Earth Change Permit to Cuffy for the purpose of clearing land for "site access" and, consequently, Babij then filed another application for a TRO. The Superior Court heard Babij's request for a TRO at a hearing held on June 3, 2019, where the only appellant to testify, Brian Devlin, stated that the right of way had been abandoned and clearing the road would harm mahogany trees and damage the utility instruments, located on the disputed

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 5 of 23

2025 VI 7

roadway. The Superior Court ultimately granted Babij's request for a TRO and scheduled the matter for a full hearing on the merits on June 24, 2019.

¶ 8     The trial commenced on June 24, 2019. Babij called Marshal P. Walker, Jr., an expert in land surveying, engineering, civil engineering design, and land and water boundary determinations. Mr. Walker characterized the disputed land as a "shared private estate right of way." He clarified that seven residents own parcels that make up the entire right of way. Mr. Walker testified that, based on his professional opinion, the land within the right of way was too steep to build a road. He testified that Cuffy had a one-seventh interest in the right of way and should use it without driving.

¶ 9     On July 1, 2019, one of the plaintiffs in the Superior Court proceeding, Austin B. McKenzie, Sr. testified. McKenzie owns and has resided on Plot No. 12 since 2010. He testified that he was aware of the existence of the easement when he purchased his property in 2003 and that he could have used the easement to access his property but opted to trade a section of his plot with another owner to arrange an alternate path of access. After these two witnesses, Babij rested their case before the Superior Court.

¶ 10     In Cuffy's case-in-chief, he called his own expert in land surveying and engineering, Jeffrey Bateman. Based on his review of a series of recorded maps of the property and a survey of the property that he conducted, Mr. Bateman testified that the disputed land existed as a roadway dating back to 1967. The maps that he reviewed were OLG drawings 1407, 2210, 5410, and 5965. Mr. Bateman identified the WAPA pole, Viya lines, stairs, and the septic system as encroachments on the right of way. Next, Cuffy called Leia LaPlace, the territorial planner with the division of comprehensive and coastal zone planning at DPNR, who had reviewed Cuffy's application for an Earth Change Permit. She testified that her review of the OLG drawings 1407, 2161, and 5472

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **6** of **23**

2025 VI 7

showed an easement for access or a roadway running through Plots 5, 6, 7, 8, 12, and 37, leading to Cuffy's Plot 38. Cuffy also called Emmanuel Liburd, the Earth Change Land Clearing Officer at DPNR. Mr. Liburd testified that once DPNR decides that an area is a right of way, then it can issue a permit for the applicant to clear the area. Wayne D. Callwood, the public surveyor, also testified as a witness for Cuffy. He testified definitively that the disputed land was a right of way and not an easement based on OLG drawing No. 2161 delineating the property as a right of way. He continued that Cuffy "has a right to develop [the road] and access his property." Cuffy also called Norman Smith, the owner of TNN Heavy Equipment, LLC, who testified that he could clear the road without damaging the existing encroachments and that the trees on the roadway are not mahogany trees and should be removed. Finally, both Mr. and Mrs. Cuffy testified.

¶ 11      On August 16, 2019, the Superior Court issued its Amended Memorandum Opinion, which denied Babij's claim for injunctive relief and dismissed their claim for trespass on the basis that Babij "failed to meet the evidentiary burden that would entitle them to injunctive relief."[2] The Superior Court reasoned that Babij failed to show a probability of success on the merits because they did not prove that "the right of way was extinguished, relocated or otherwise changed." Furthermore, the Superior Court deemed that Babij did not demonstrate that the burden to remove the encroachments of the right of way outweighed Cuffy's potential injury if he could not access his property. Therefore, Babij did not meet their burden to prove that they would suffer greater harm if injunctive relief was not granted. Finally, the Superior Court ruled that Babij "provided no

---

[2] Following the three-day trial on the merits, the Superior Court issued its memorandum opinion on July 29, 2019. The Court issued an errata order on August 14, 2019 to amend its memorandum opinion and correct an error. On August 16, 2019, the Superior Court formally withdrew its memorandum opinion, dated July 29, 2019 and replaced it with the amended memorandum opinion, dated August 16, 2019.

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 7 of **23**

2025 VI 7

evidence that would tend to show that granting injunctive relief on their claim of private ownership of the right of way, would better serve the public interest." Babij timely filed their appeal to this Court on August 26, 2019.

## II.    DISCUSSION

¶ 12    On appeal, Babij argues that (1) the Superior Court erred by not permitting them to exhaust their administrative remedies before ruling on the case; (2) the Superior Court violated their Seventh Amendment rights by consolidating the preliminary and permanent injunction hearings and not preserving their claimed rights to a jury trial; (3) the Superior Court violated the Statute of Frauds by failing to analyze relevant deeds in determining that an easement existed, instead relying almost exclusively on the testimony of the Territorial Surveyor; and (4) the Superior Court decided the case under the standards of the Restatement (Third) of Property: Servitudes § 2.13 without a *Banks* analysis and without properly applying its standards. We address each argument in turn.

### A.  Jurisdiction and Standard of Review

¶ 13    The Supreme Court has jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a). Also, we have jurisdiction over "[i]nterlocutory orders of the Superior Court of the Virgin Islands . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 4 V.I.C. § 33(b)(1). Because the Superior Court's amended memorandum opinion, dated August 16, 2019, denied the Appellants' request for injunctive relief, we may exercise jurisdiction over this appeal. Furthermore, because the Superior Court adjudicated the case on the merits, the opinion is appealable as a final judgment pursuant to title 4, section 32(c) of the Virgin Islands Code. *See Moses v. Fawkes*, 66 V.I. 454, 459 (V.I. 2017) (concluding that the Superior Court committed no error in adjudicating a claim and denying a motion for injunctive relief when the parties assented

*Babij, et al. v. Cuffy*                                  2025 VI 7
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **8** of **23**

to a hearing on the merits). Although Babij posits in their brief that "the [Superior] Court did not issue a separate final judgment pursuant to Rule 58 of the Virgin Islands Rules of Civil Procedure," we have jurisdiction.[3]

¶ 14    We review the Superior Court's decision to grant or deny an injunction for an abuse of discretion. *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012). An abuse of discretions exists when the decision of the Superior Court "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Stevens v. People*, 55 V.I. 550, 552 (V.I. 2011) (citation omitted). On appeal, this Court reviews the Superior Court's factual determinations concerning "[the] likelihood of irreparable harm, harm to the nonmoving party, and whether the injunction is in the public interest only for clear error." *Yusuf v. Hamed*, 59 V.I. 841, 848 (V.I. 2013). We will "only reverse a factual determination as being clearly erroneous if it is completely devoid of minimum evidentiary support or bears no rational relationship to the supportive evidentiary data." *In re Estate of Small*, 57 V.I. 416, 430 (V.I. 2012) (quoting *Rainey v. Herman*, 55 V.I. 875, 880 (V.I. 2011)).

## B. Administrative Exhaustion

---

[3] Rule 58(a) of the Virgin Islands Rules of Civil Procedure states that "[e]very judgment and amended judgment must be set out in a separate document." Although the Superior Court did not issue a separate final judgment, we conclude that we do have jurisdiction over this appeal. As explained by the United States Supreme Court interpreting the analogous separate judgment rule in federal court, "[t]he rule should be interpreted to prevent [the] loss of the right to appeal, not to facilitate loss." *Bankers Tr. Corp. v. Mallis*, 435 U.S. 381, 386 (1978) (quoting 9 J. Moore, Federal Practice ¶ 110.08[2], p. 120 n. 7 (1970)). *See also Diamond by Diamond v. McKenzie*, 770 F.2d 225, 231 (D.C. Cir. 1985) (applying *Mallis* and concluding that "the dismissal of [an] appeal would not be appropriate" when it was clear that the intention of the lower court was to enter a final judgment); *Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 162-63 (D.C. Cir. 2005) ("Our dismissal of her appeal at most would only have temporarily postponed our ability to reach the merits, because on remand the district court would simply enter the separate document required by Rule 58, allowing Outlaw then to file a timely appeal."). Because our Rule 58 is analogous to Rule 58 of the Federal Rules of Civil Procedure, "we may look to decisions interpreting analogous federal rules as persuasive authority when applying our own rules." *Smith v. Gov't of the V.I.*, 67 V.I. 797, 802 n.3 (V.I. 2017).

*Babij, et al. v. Cuffy*                                             2025 VI 7
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **9** of **23**

¶ 15    Babij asserts in their appellate brief that the Superior Court impeded their right to pursue administrative redress before the Board of Land Use Appeals ("BLUA") by proceeding with a trial on the merits instead of permitting them to file an appeal to the BLUA. Cuffy responds that Babij had thirty days to file an appeal with the BLUA after receiving notice of the Earth Change Permit and because that deadline has passed without Babij filing an appeal, this issue is moot.[4] We hold that Superior Court did not inhibit Babij from exhausting their administrative remedies because Babij made the concerted choice to file this action in the Superior Court and the Superior Court never prevented Babij from filing an appeal with the BLUA.

¶ 16    Section 295(a) of Title 29 of the Virgin Islands Code governs the procedure for appeals before the BLUA. The BLUA "shall have the power to hear and decide appeals made against any order, rule or regulation, action or decision made by the Commissioner of Planning and Natural Resources and/or the Commissioner of Health in the enforcement or interpretation of the Building Code." 29 V.I.C. § 295(b)(1). Under 29 V.I.C. § 295(a), a party that feels aggrieved by an action of the DPNR "may appeal therefrom to the Board of Land Use Appeals by filing a written notice of his appeal with the Board within thirty (30) days after receipt of the order or ruling complained of." The BLUA has thirty days to take action once an appeal has been filed under 29 V.I.C. § 295(b)(5), and may "reverse or affirm, wholly or in part, or may modify the order, requirement,

---

[4] In response to Cuffy's argument that Babij failed to file an appeal with the BLUA and that filing an appeal now would be futile as the issue is moot, Babij argues that the doctrine of equitable tolling applies. The Superior Court may equitably toll the statute of limitations if:

> (1) the first action gave defendant timely notice of plaintiff's claims; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action.

*Jensen v. V.I. Water & Power Auth.*, 52 V.I. 435, 443 (V.I. 2009) (quoting *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 (3d Cir. 2002)). The equitable tolling factors are heavily reliant on the factual scenario at play and are "generally committed to the discretion of the trial court." *Id.* (quoting *Island Insteel*, 296 F.3d at 218 ). Babij fails to develop any legal support for their conclusory assertion that the application of equitable tolling rests with the BLUA and therefore this issue is waived on appeal. *See* V. I. R. APP. P. 22(m).

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **10** of **23**

2025 VI 7

decision, or determination appealed from, and may grant variances." 29 V.I.C. § 295(b)(3). Under

Section 295(b)(6), "[t]he decisions of the Board shall be subject to review by a court of competent

jurisdiction of the Virgin Islands provided an appeal is filed within 45 days of receipt of the

decision from the Board."

¶ 17    In this case, Babij filed their complaint and emergency motion for a TRO and preliminary

injunction in the Superior Court on April 17, 2019. In their emergency motion, Babij stated that

"[p]laintiffs are rushing to timely file an administrative appeal of DPNR's issuance of the ECP

with the Board of Land Use Appeals . . . and will do so imminently." Babij asked the Superior

Court for emergency relief to "maintain the status quo" and stop Cuffy from starting any work on

the road since BLUA did not have the mechanism to "order a stay of enforcement of DPNR's

issuance of the ECP." At the hearing on June 3, 2019, on Babij's second motion for a TRO, the

following exchange occurred:

> THE COURT: But - - so you're now importuning the Court to step in before that process - -
> that administrative process is completed. You're asking the Court to invoke its equitable power,
> and step in and somehow provide a remedy to your client because the administrative process
> will take too long, and, in the meantime, there will be irreparable damage, is that what you're
> saying?
>
> MR. ECKARD: That's exactly correct, Your Honor.

¶ 18    However, Babij never followed through by filing an appeal with the BLUA. While Babij

contends that the Superior Court usurped the BLUA's authority and failed to permit them to file

an appeal, the record is devoid of any instance where Babij objected to the Superior Court's

decision to proceed to a trial on the merits. In fact, as the quote above demonstrates, it is Babij

who sought the Superior Court's intervention. Babij sought a judicial remedy for the situation and

the Superior Court was authorized to expeditiously adjudicate the case. Babij specifically invoked

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **11** of **23**

2025 VI 7

the jurisdiction of the Superior Court under Virgin Islands Rule of Civil Procedure 65(b). Under that rule, the Superior Court was authorized to consolidate the hearing on a motion for a preliminary injunction with a trial on the merits. *See* V. I. CIV. P. R. 65(a)(2) ("Before or after beginning a hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). At the conclusion of the TRO hearing on June 3, 2019, the Superior Court stated: "I'm not going to wait until the Board of Land Use Appeals - - I don't know how long they're going to take, but you came into court. Even though you have an administrative remedy, the Court is going to deal [with the issues] on the merits." The Superior Court was fully authorized under our Rules of Civil Procedure to proceed exactly as it did, and Babij did not object. The Superior Court never prevented Babij from filing their appeal.

¶ 19    Throughout the course of this litigation, Babij was free to file an appeal with the BLUA. On May 17, 2019, DPNR issued the Earth Change Permit for the disputed property. Brian Devlin testified that he received a copy of the permit on May 31, 2019. Starting on May 31, Babij had thirty days to note an appeal to BLUA pursuant to 29 V.I.C. § 295(a). *See One St. Peter, LLC v. Bd. of Land Use Appeals*, 67 V.I. 920, 929 (V.I. 2017) (holding that the thirty-day appeal period in 29 V.I.C. § 295(a) begins when a party is "chargeable with actual or constructive notice of that order or ruling"). But the record does not show that Babij ever filed an appeal with BLUA. The BLUA would have quickly handled Babij's appeal from the ECP if they had filed it. *See* 29 V.I.C. § 295(b)(5) ("Action by the Board of appeals shall be taken within thirty (30) days of the receipt of such appeals."). Babij failed to promptly seek an administrative remedy. The Superior Court never prevented Babij from filing an appeal to the BLUA.

¶ 20    In essence, Babij attempts to rewrite history after they received an unfavorable result before the Superior Court. They attempt to argue that the Superior Court restricted their ability to file an

*Babij, et al. v. Cuffy*                                   2025 VI 7
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 12 of 23

appeal to the BLUA. However, Babij made the concerted choice to file their case in the Superior Court instead of immediately filing an appeal with the BLUA after they received notice of the Earth Change Permit. Had Babij followed established procedure and first filed an appeal with BLUA, they would have enjoyed the statutory right to appeal to a court of competent jurisdiction if they received an unfavorable result. *See* 29 V.I.C. § 295(b)(6) ("The decisions of the Board shall be subject to review by a court of competent jurisdiction of the Virgin Islands provided an appeal is filed within 45 days of receipt of the decision from the Board."). Babij cannot have it both ways. They must deal with the choices that they made before this case reached the courts. Because Babij failed to file an appeal with the BLUA, and the Superior Court merely adjudicated the case before it, we hold that the Superior Court did not err.

## C. Right to Jury Trial

¶ 21    Babij also argues that the Superior Court violated their Seventh Amendment[5] right to a trial by jury by consolidating the preliminary and permanent injunction[6] hearings. Cuffy argues that Babij was not entitled to a jury trial and, even if they were, they waived the right to a jury trial. We do not reach the substance of Babij's argument because they waived their right by not asserting

---

[5] The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

[6] In an action for a preliminary and permanent injunction, the Superior Court considers the following factors:
1) whether the movant has shown a reasonable probability of success on the merits;
2) whether the movant will be irreparably injured by denial of the relief;
3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and
4) whether granting the preliminary relief will be in the public interest.

*Sam's Food Distributors, Inc. v. NNA&O, LLC*, 73 V.I. 453, 463 (V.I. 2020) (quoting *3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 550 (V.I. 2015)). "[T]he party seeking an injunction [bears] the burden of proof as to all four factors. *Sam's Food Distributors*, 73 V.I. at 463 (quoting *Appleyard v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 61 V.I. 578, 591 (V.I. 2014)).

*Babij, et al. v. Cuffy*                                    2025 VI 7
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 13 of 23

their demand for a jury trial before the Superior Court. *See* V. I. R. APP. P. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal provided, however, that when interests of justice so require, the Supreme Court may consider and determine any question not so presented.").

¶ 22    Through the Revised Organic Act, Congress expressly extended the Seventh Amendment to the Virgin Islands. *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 433 (V.I. 2016); *see also* 48 U.S.C. § 1561 ("The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands. . . and shall have the same force and effect there as in the United States or in any State of the United States.").

> Rule 65(a)(2) of the Virgin Islands Rules of Civil Procedure states:
>
> **Consolidating the Hearing with the Trial on the Merits.** Before or after beginning a hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

V. I. R. CIV. P. 65(a)(2).

¶ 23    In this case, Babij made a general demand for a jury trial by placing "Jury Trial Demanded" within the caption of their complaint. *See* V. I. R. CIV. P. 10(d) ("If a party demands a jury trial by endorsing it on a pleading, a notation shall be placed on the front page of the pleading immediately following the title, stating "Demand for Jury Trial" or an equivalent statement. This notation will serve as a sufficient demand under Rule 38(b)."). "Although a proper demand for a jury cannot be withdrawn without the consent of all the parties, it is a right that can be waived." *E.g. Casperone*

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **14** of **23**

2025 VI 7

*v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987).[7] "[A] party only needs to raise an issue in time for the Superior Court to address it and take whatever action is necessary in the first instance in order to fairly present the issue and preserve it for appeal." *Percival v. People*, 62 V.I. 477, 486 (2015). We will disregard form and rely on substance to determine whether an issue was fairly presented to the Superior Court and preserved for appeal. *Ubiles v. People*, 66 V.I. 572, 583 (V.I. 2017) (quoting *State v. Balderama*, 88 P.3d 845, 850 (N.M. 2004)).

¶ 24    Rule 22(m) of the Virgin Islands Rules of Appellate Procedure provides that: "[i]ssues that were (1) not raised or objected to before the Superior Court . . . are deemed waived for purposes of appeal, except that the Supreme Court, at its option, may notice an error not presented that affects substantial rights." We review for plain error if any of Babij's substantial rights were affected in an issue not raised before the Superior Court. *Woodrup v. People*, 63 V.I. 696, 720 (V.I. 2015); *Galloway v. People*, 57 V.I. 693, 709 n.8 (V.I. 2012). Under plain error review, (1) there must be an error, (2) that is plain, (3) which affects substantial rights, and (4) that affects the fairness, integrity, or public reputation of judicial proceedings. *Cornelius v. Nova Scotia*, 67 V.I. 806, 816-17 (V.I. 2017). The standard for determining whether an issue was fairly presented to the Superior Court is a "low threshold." *Ubiles*, 66 V.I. at 584 (citing to *Percival*, 62 V.I. at 485; *Woodrup*, 63 V.I. at 712). As we stated in *Ubiles*, the "fairly presented" standard "is not some formalistic requirement whereby an issue is fairly presented simply by raising it any time prior to entry of a final judgment, and an issue must be presented in such a manner as to give the trial court the opportunity to consider, review, and address the argument in order to ensure that an adequate

---

[7] The Fifth Circuit in *Casperone* interpreted Rule 39(a) of the Federal Rules of Civil Procedure, which is analogous to our Rule 39(a). *See Smith*, 67 V.I. at 802 n.3 ("[W]e may look to decisions interpreting analogous federal rules as persuasive authority when applying our own rules.").

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 15 of 23

2025 VI 7

record of both law and fact is established so that an appellate court may make an informed decision." 66 V.I. at 584 (citing *Simpson v. Golden*, 56 V.I. 272, 280-81 (V.I. 2012); *United States v. O'Neill*, 116 F.3d 245, 247 (7th Cir. 1997)). *See World Fresh Markets, LLC v. Henry*, 71 V.I. 1161, 1174 (V.I. 2019) (applying Rule 4(h) of the Virgin Islands Rules of Appellate Procedure and holding that an appellant's statutory argument was waived because it did not present the argument to the Superior Court); *Williams v. People*, S. Ct. Civ. No. 2019-0068, ___ V.I. ___, 2024 WL 3884175, at *5 (V.I. August 16, 2024) (holding that the failure to object to witness testimony at trial did not preserve the issue for appellate review); *Etienne v. Etienne*, 56 V.I. 686, 691 (V.I. 2012) ("Generally, we consider all arguments made for the first time on appeal as waived unless the party offering the argument presents exceptional circumstances."). *See also Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009) ("An individual may waive his or her right to a civil jury trial and we have held that knowing participation in a bench trial without objection may be sufficient to constitute a jury waiver."); *White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990) ("A party's vigorous participation in a bench trial, without so much as a mention of a jury, cannot be presumed the result of mere inadvertence, but can only be ascribed to knowledgeable relinquishment of the prior jury demand. This is especially so where, as here, the...party was on notice that the trial court was planning to adjudicate the dispositive issues of fact. Under these circumstances, court judgments should have meaning and effect instead of being a futile exercise that one of the parties will be able to overturn no matter what the result. The appellant chose to argue his case fully before the [Superior Court] judge; it is not unjust to hold him to that commitment."); *Winter v. Minnesota Mut. Life Ins. Co.*, 199 F.3d 399, 407 (7th Cir. 1999) ("[W]hen a party does not reassert the right to a jury trial prior to a bench trial or factual hearing,

*Babij, et al. v. Cuffy*                                   2025 VI 7
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **16** of **23**

requests a bench trial, or knowingly participates in a bench trial . . . that party waives his right to trial by jury through inaction or inadvertence.").

¶ 25    We must determine whether Babij fairly presented their purported request for a jury trial to the Superior Court. At the TRO hearing on June 3, 2019, counsel for Babij told the Superior Court that "we're here today appealing to the Court's equity jurisdiction, because there is no remedy at law for us." It is well settled that a case in equity does not entitle a litigant to a jury trial. *E.g.*, *Newfound Mgmt. Co. v. Lewis*, 131 F.3d 108, 115 (3rd Cir. 1997) ("Actions at law entitle the parties to a jury, but equitable cases do not.").[8] Aside from the caption in the complaint, Babij did not clearly assert any request for a jury trial on the trespass[9] claim – a claim that is indisputably legal in nature, rather than equitable, and which was triable by jury at common law.[10] The only instance where Babij mentioned a jury trial was on June 24, 2019, at the end of the first day of the hearing on the merits. The following exchange occurred:

> THE COURT: We should be finished by Monday. If we're not - - the TRO has to be completed within a certain time. You asked for a jury trial?

---

[8] See also *3RC & Co., Inc. v. Boynes Trucking Sys., Inc.*, 63 V.I. 544, 553 (V.I. 2015) ("[I]njunctive relief is an equitable remedy."); *In re Najawicz*, 52 V.I. 311, 334 n.16 (V.I. 2009); *Atl. & C. Air Line Ry. Co. v. Victor Mfg. Co.*, 60 S.E. 675, 676 (S.C. 1908) ("An action for injunction is always equitable...."); *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 914 (1st Cir. 1989) ("It is well established that 'there is no right to a jury trial ... on a claim purely for injunctive relief (unless a statute were to expressly so provide, which is not the case).'" ) (quoting *Rodriguez v. Munoz*, 808 F.2d 138, 142–43 (1st Cir. 1986)).

[9] "[W]e reaffirm and adopt as the soundest rule for the Virgin Islands, the rule first announced in *Hodge*, that 'a plaintiff claiming trespass has the burden of proving that the defendant intentionally (a) entered land in the possession of the other, or caused a thing or third person to do so, or (b) remained on the land, or (c) failed to remove from the land a thing which he was under a duty to remove.'" *Klein v. Bassil*, 78 V.I. 593, 610 (V.I. 2023) (quoting *Hodge v. McGowan*, 50 V.I. 296, 306 (V.I. 2008); *see also* Restatement (Second) of Torts § 158 (1965). A plaintiff claiming trespass has the burden to prove all of the elements. *McGowan*, 50 V.I. at 306.

[10] Originating in the mid-thirteenth century, the common law action of trespass recognizes and protects a broad category of personal interests, including having possession of real property and the right to enjoy it free from forcible interference. An infringement of that right would be remedied under a theory of trespass *quare clausum fregit*. William W. Blume, American Civil Procedure § 1-08, at 8-9 (1955). *See also id.* at § 1-04, pg. 5 (informing that trespass is one of the forms of common law actions that were developed in "the old [English] courts of common law [for] ordinary civil actions").

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **17** of **23**

2025 VI 7

> MR. ECKARD: No, Your Honor, but we also have another count in the complaint for trespassing as well.
> THE COURT: You want a jury trial on a trespass claim?
> MR. ECKARD: Your Honor, I - - if we don't ask for it Your Honor, we've waived it therefore we ask for it and deal with that later.

This exchange is not sufficient to qualify as fairly presenting the issue to the Superior Court for its consideration. The Superior Court asked Babij about their request for a jury trial, only to be met with equivocation and ambiguity. Throughout the remaining duration of the proceedings, Babij did not raise the jury trial issue again with the Superior Court and vigorously participated in the trial on the merits. The issue of a claimed right to jury trial did not resurface until Babij asserted it on appeal. Even then, Babij omitted the issue, even in their notice of appeal. We conclude that Babij did not fairly present the jury trial issue to the Superior Court in order to preserve this issue for appellate review.

¶ 26    But we must consider whether the issue of a jury trial was merely forfeited in this case or actively waived. In doing so, we look to whether a party "was aware of the relinquished or abandoned right" to determine if a claim has been forfeited or waived. *Pickering v. People*, 64 V.I. 356, 365 (V.I. 2016) (quoting *Gov't of the V.I. v. Rosa*, 399 F.3d 283, 291 (3rd Cir. 2015)), as forfeiture is a distinct judicial determination from waiver and carries different consequences. *Pickering*, 64 V.I. at 364. "[W]hen a legal rule has been waived, an appeal based upon the nonadherence to that legal principle is precluded. If, however, the correct application of the rule merely was 'forfeited,' then an appellate court may nevertheless review for plain error." *Murrell v. People*, 54 V.I. 338, 361 (V.I. 2010) (quoting *Rosa*, 399 F.3d at 290). If a party simply fails to raise an issue or object, then this Court will typically consider that action as a forfeiture and review for plain error. *Pickering*, 64 V.I. at 365 (citing to *Williams v. People*, 59 V.I. 1024, 1033 (V.I.

*Babij, et al. v. Cuffy*                    2025 VI 7
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **18** of **23**

2013)). However, "active inducement, acquiescence, or other affirmative act demonstrates an intentional waiver of an issue or right that this Court will not notice even under plain-error review."

*Id.*

¶ 27    In this case, Babij acquiesced to the Superior Court's resolution of all of their claims. After the Superior Court asked whether they sought a jury trial, their counsel responded first in the negative and later stated "we ask for it and deal with that later," and as we just indicated, Babij did not revisit this issue until the Appellants' brief. Babij proceeded with two more days of trial in the Superior Court without further mentioning a jury trial. Babij actively participated in the bench trial, including calling witnesses, entering evidence, and conducting cross-examination. Furthermore, Babij did not address their ambiguous potential request for a jury trial in closing arguments. Because Babij did not adequately present the jury trial issue to the Superior Court, and fully participated in the bench trial, the jury trial issue is waived.

### D.  Statute of Frauds

¶ 28    Babij asserts that the Superior Court inappropriately relied on the testimony of the Territorial Surveyor, Wayne Callwood, rather than the property deeds in determining whether a right of way/easement existed in this case in violation of the Statute of Frauds. Babij claims that the burden to establish an easement rested upon Cuffy, and that he did not meet his burden. Cuffy argues that this issue is waived on appeal because Babij did not raise the Statute of Frauds issue before the Superior Court[11] or, in the alternative, that Cuffy had a

---

[11] Virgin Islands Rules of Appellate Procedure 4(h) states that "[o]nly issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented." We believe that the interests of justice warrant reviewing the Statute of Frauds issue, since it involves an important question of law that may recur in future cases and in which the parties have fully briefed on the merits despite any alleged waiver. Therefore, notwithstanding any potential waiver, this Court exercises our discretion to review the Statute of Frauds issue. *See Harvey v. Christopher*, 55 V.I. 565, 572 (V.I. 2011) (ruling that this Court had the discretion to review an alimony issue when

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **19** of **23**

2025 VI 7

valid easement. We hold that the Superior Court did not violate the Statute of Frauds because it found an implied easement through its review of the pertinent property maps and the testimony of the witnesses.

¶ 29    Black's Law Dictionary defines an easement as "[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose (such as to cross it for access to a public road). The land benefitting from an easement is called *the dominant estate*; the land burdened by an easement is called *the servient estate*." BLACK'S LAW DICTIONARY 642 (12th ed. 2024). "An express easement is an easement that is explicitly conveyed in accordance with the statutory rules for conveying property, 28 V.I.C. § 124 (the recording statute) and 28 V.I.C. § 241[12] (the Statute of Frauds)." *Streibich v. Underwood*, 74 V.I. 488, 501 (V.I. 2021). Under the Statute of Frauds, finding an express easement requires the court to analyze a deed, or other sufficient instrument in writing, which is signed by the person creating, granting, assigning, transferring, surrendering, or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are

---

the parties' briefs adequately discussed the issue and the appellant intended the Court to reach it); *see also Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (noting that there are circumstances where an appellate court may reach an issue not ruled on by the trial court); *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1182 (10th Cir. 2023) ("Whether issues should be deemed waived is a matter of discretion"); *Freeman v. Pittsburg Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013) ("it is within our discretion to consider an issue that the parties did not raise below); *Celestine v. Dep't of Family and Protective Servs.*, 321 S.W.3d 222, 223 (Tex. App.) (addressing waived issue "in the interests of justice and judicial economy").

[12] 28 V.I.C. § 241, entitled "Creation or transfer of interest in real property" states:
   (a) Except for a lease for a term not exceeding one year, no estate or interest in real property, and no trust or power over or concerning real property, or in any manner relating thereto, can be created, granted, assigned, transferred, surrendered, or declared other than-
      (1) by operation of law; or
      (2) by a deed of conveyance or other instrument in writing, signed by the person creating, granting, assigning, transferring, surrendering, or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are required by law.
   (b) This section does not-
      (1) affect the power of a testator in the disposition of his real property by will; or
      (2) prevent a trust from arising or being extinguished by implication or operation of law.

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **20** of **23**

2025 VI 7

required by law. *Id.* at 502. In its findings, the Superior Court explicitly disclaimed any reliance on a deed or other signed instrument in writing, stating: "[c]onsidering the *maps* and *testimony* of the witnesses, it is evident that a right of way/easement was created in 1963." The Superior Court did not conclude that there was an express easement over the disputed roadway, therefore, the Superior Court did not need to rely on the property deeds and the Statute of Frauds was not triggered. *See Streibich*, 74 V.I. at 503-04 (reasoning that there was "no words conveying an easement over the R.O.W. within the [] deeds, and so there is no express easement over the R.O.W.").

¶ 30    Although there was no express easement, the Superior Court could have determined that there was an implied easement. An implied easement "exists when the grantor intended to a create a servitude but neglected to do expressly." *Streibich*, 74 V.I. at 504. "The most common type of implied easement (also referred to as an easement by implication) is an easement that is implied based on past use." *Id.* Another type of implied easement is an easement "implied by an indication on a map that is incorporated into the deed," which the Superior Court found in this case. *Id.* Here, OLG Drawing 2161 is referenced in deeds that Babij entered into evidence, including a warranty deed from the original subdivider from February 1969 for plot number 38, Cuffy's property, and a warranty deed from January 1989 for the same plot. Additionally, OLG 2161 is referenced in Cuffy's deed and the deed of Austin McKenzie, Sr., who owns Plot 12. The testimony of witnesses provided further support for the Superior Court to find an implied easement: Wayne Callwood, Emmanuel Liburd, and Leia La Place all testified that the relevant deeds ands maps confirmed the existence of the right of way. Importantly, both Brian Devlin and Austin McKenzie, Sr. testified that they were aware of the road that was originally planned for the subdivision. We hold that this was sufficient evidence to create an inference of an implied easement because a reference to a right

*Babij, et al. v. Cuffy*                                              2025 VI 7
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page 21 of 23

of way on a filed map is "extremely strong evidence of the intent to create an easement." *Streibich*,

74 V.I. at 507.

¶ 31    Babij argues that Cuffy had the burden to establish the existence of an easement. *See*

*Brodhurst v. Frazier*, 57 V.I. 365, 374 (V.I. 2012) (Swan, J., dissenting) (" 'The person who asserts

an easement has the burden of proving the existence of the easement.' *Riffle v. Worthen*, 939

S.W.2d 294, 298 (Ark. 1997)."). However, as we clarified in *Streibich*, for Babij to prevail on the

merits, once OLG 2161 created "an inference that the parties intended for there to be an easement,"

Babij would have had to demonstrate "evidence of a contrary intent, with the strength of the

evidence needed to rebut the inference of an easement varying based on the strength of the

evidence—particularly that the explicitness of the map—used to support the inference." *Streibich*,

74 V.I. at 507 (quoting *Broadhurst v. Frazier*, 57 V.I. 365, 370 (V.I. 2012)). The Superior Court

found that Babij failed to meet their burden of showing "a reasonable probability of success on the

merits." We agree. Babij failed to demonstrate evidence rebutting the inference of an easement.

Babij did not present evidence to the Superior Court that rebutted the demonstrated intent to create

an easement over the right of way. And despite mere allegations that the right of way was

abandoned, Babij failed to further develop this theory.[13] To the contrary, there was both

documentary and testimonial evidence that the right of way was intended for all landowners to be

able to access their individual properties from the inception of the subdivision.

---

[13] Babij's surveyor, Mr. Walker testified that the construction of the disputed access road was abandoned when the subdivision first began because the land became too steep. Brian Devlin also testified that the access road has been abandoned. However, Babij did not present any further evidence to the Superior Court that the road was abandoned. No evidence was introduced at trial to demonstrate that the easement was extinguished. Cuffy's surveyor, Mr. Bateman, testified that he did not see any maps that purported to extinguish or eliminate the road. Ms. La Place testified that a new map would have to be recorded to extinguish the road but no such map was introduced at trial. Trial counsel for Cuffy admitted that he was not arguing that the easement was extinguished. ("I'm not saying that the easement was extinguished.").

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **22** of **23**

2025 VI 7

¶ 32    Based on all of the evidence before it, the Superior Court did not err in finding that Babij did not prove their claims by a preponderance of the evidence. The Superior Court inferred that there was an easement based on the strong evidence of the map referring to the right of way and Babij did not present adequate evidence to rebut that inference. Babij did not meet their burden of proof. The Superior Court properly found that there was not an express easement and did not violate the Statute of Frauds. Although the Superior Court did not have to definitively find the existence of an implied easement to determine whether Babij met their burden of proof, the fact that the Superior Court found an implied easement exists demonstrates that it did not abuse its discretion by denying Babij's requested injunctive relief, and that it did not err in dismissing the claim for trespass.

## E.  Restatement (Third) of Property: Servitudes § 2.13

¶ 33    Babij contends that the Superior Court erred by using the principles of the Restatement (Third) of Property: Servitudes § 2.13[14] without conducting a *Banks* analysis. We disagree because we have previously considered § 2.13 of the Third Restatement of Property and have expressly adopted § 2.13 as the best rule for the Virgin Islands. *Est. Chocolate Hole Landowners' Ass'n, Inc. v. Cenni*, 2024 V.I. 20, ¶ 21 (V.I. 2024); *Streibich v. Underwood*, 74 V.I. 488, 506 (V.I. 2021). In *Streibich*, we did a full *Banks* analysis and adopted § 2.13 in the context of holding that an easement

---

[14] Section 2.13 of the Restatement (Third) of Property: Servitudes states:

> In a conveyance or contract to convey an estate in land, description of the land conveyed by reference to a map or boundary may imply the creation of a servitude, if the grantor has the power to create the servitude, and if a different intent is not expressed or implied by the circumstances:
>
> (1)  A description of the land conveyed that refers to a plat or map showing streets, ways, parks, open space, beaches, or other areas for common use of benefit, implies creation of a servitude restricting use of the land shown on the map to the indicated uses.
>
> (2)  A description of the land conveyed that uses a street, or other way, as a boundary implies that the conveyance includes an easement to use the street or other way.

*Babij, et al. v. Cuffy*
S. Ct. Civ. No. 2019-0064
Opinion of the Court
Page **23** of **23**

2025 VI 7

by implication existed in a land use dispute. 74 V.I. at 506, 511-12. In light of our ruling in *Streibich* and *Cenni*, Babij's argument that the Superior Court improperly used § 2.13 is misplaced. Thus, we affirm the decision of the Superior Court as to this issue.

## III.    CONCLUSION

¶ 34    The Superior Court did not foreclose Babij from exhausting their administrative remedies. The jury trial issue is waived on appeal because Babij acquiesced in a bench trial on the merits. Babij did not meet their burden of proof, and the Superior Court did not violate the Statute of Frauds and correctly found an implied easement existed based on the reference to the right of way on the map. The Superior Court did not improperly rely on any provisions of the Restatement; we adopted Restatement § 2.13 in *Streibich*. For these reasons, we affirm the decision of the Superior Court in its August 16, 2019 amended memorandum opinion and order.

**Dated this 4th day of March, 2025.**

BY THE COURT:

**MARIA M. CABRET**
**Associate Justice**

ATTEST:
**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: _____
**Deputy Clerk**

Dated: 3-4-25